# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 763 CAP |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Sentence entered February 28, |
| | : | 1994 in the Court of Common Pleas, |
| v. | : | Philadelphia County, Criminal |
| | : | Division at Nos. CP-51-CR- |
| | : | 1035061-1991. (Nunc Pro Tunc |
| AARON JONES, | : | appeal rights reinstated on |
| | : | December 14, 2017.) |
| Appellant | : | |

## CONCURRING STATEMENT

**JUSTICE WECHT**                    **FILED: September 21, 2020**

In *Commonwealth v. Reid*, ___ A.3d ___, 2020 WL 4803596 (Pa. filed Aug. 18, 2020), a majority of a special panel of this Court determined that the Supreme Court of the United States' decision in *Williams v. Pennsylvania*, ___ U.S. ___, 136 S.Ct. 1899 (2016), could not serve as a basis to establish timeliness for purposes of the Post Conviction Relief Act. I joined the dissent in *Reid*, and I continue to believe that it correctly explained why Reid had properly established jurisdiction in the PCRA court. This disagreement notwithstanding, *Reid* is now on the books. Accordingly, I am constrained to join the Court's order to quash the instant appeal.